J-S19023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :   IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                                 :
            v.                      :
                                 :
                                 :
LAVAR J. QUEEN,                :
                                 :
              Appellant.       :    No. 657 EDA 2018

Appeal from the Judgment of Sentence, February 15, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0008389-2016.

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED MAY 29, 2019**

Lavar J. Queen appeals from his judgment of sentence imposed after the trial court found him guilty of voluntary manslaughter and possessing an instrument of crime.[1] After careful review, we affirm on the trial court's opinion.

The facts are fully set forth in the trial court's opinion. Briefly, we note that Queen's convictions arose out of a meeting between Queen and his partner, Troy Williams. While Queen was performing a sex act on Williams, Queen claimed that Williams pulled out a knife and tried to stab him. Queen overtook Williams and gained control of the knife. Queen stabbed Williams six times, including in his jugular vein and chest, causing him to bleed severely. The two tussled and eventually fell to the ground with Queen landing

_____

[1] 18 Pa.C.S.A. § 2503 and 18 Pa.C.S.A. § 907.

_____

\*   Retired Senior Judge assigned to the Superior Court.

on top of Williams. Queen then stood up, and, although Williams was not moving, Queen kicked Williams in the head. When the police arrived, Queen was covered in blood, holding a knife. Williams died shortly after arriving at the hospital. Queen only suffered a minor cut on his thumb. Queen was arrested and charged.

Following a bench trial, the court found Queen guilty of voluntary manslaughter and possessing an instrument of crime; the court found him not guilty of murder. Queen was sentenced to five to ten years of incarceration for voluntary manslaughter and three to twelve months of incarceration for possessing an instrument of crime to run consecutively.

Queen timely appealed. The trial court and Queen complied with Pa.R.A.P. 1925.

Queen raises a single issue on appeal:

Was not the evidence insufficient to convict Queen of voluntary manslaughter and possession of an instrument of crime where the Commonwealth failed to prove beyond a reasonable doubt that Queen did not act in justifiable self-defense?

*See* Queen's Brief at 3.

In support of his sufficiency claim, Queen argues that the Commonwealth failed to overcome his assertion of self-defense. Queen contends that he acted in self-defense after Williams pulled out a knife and attempted to stab him while he was on his knees. Because he raised the issue of self-defense, the Commonwealth had the burden to disprove the defense beyond a reasonable doubt. To meet this burden, the Commonwealth must

prove one of the following elements: (1) that the defendant did not reasonably believe it was necessary to kill in order to protect himself against death or serious bodily harm, or that the defendant used more force than was necessary to save himself from death, great bodily harm, or the commission of a felony; (2) that the defendant provoked the use of force; or (3) that the defendant had a duty to retreat and that retreat was possible with complete safety. *See* 18 Pa.C.S.A. § 505(b)(2); *Commonwealth. v. Burns*, 765 A.2d 1144, 1149 (Pa. Super. 2000). According to Queen, the Commonwealth failed to prove beyond a reasonable doubt the existence of any of these factors. As such, he claims that the evidence was insufficient to convict him of voluntary manslaughter and possessing an instrument of crime, and this Court should vacate his sentence. Queen's Brief at 11, 13. We disagree.

In reviewing a claim based upon the sufficiency of the evidence, this Court:

> must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

Here, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that there was sufficient evidence to prove beyond a reasonable doubt that Queen did not act in self-defense. Significantly, the severity of the victim's wounds indicates that Queen used more force than was reasonably necessary to protect himself from serious bodily injury. Williams had multiple stab wounds, some in critical parts of his body. Conversely, Queen only sustained a minor cut on his thumb, as the trial court observed. In its Pa.R.A.P. 1925(a) opinion, the trial court cogently analyzed Queen's claim of self-defense under the law, and the evidence which disproved it, as presented by the Commonwealth.

After considering the record, the parties' briefs, the trial court's opinion and applicable law, we conclude that further discussion by this Court is not necessary. Accordingly, we adopt the trial court's opinion regarding Queen's claim of self-defense entered on July 24, 2018 as our own. In the event of future proceedings, the litigants shall attach a copy the trial court's opinion to any filings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/19

- 4 -